NICHOLSON et al. v. ERIE R. CO.

(Circuit Court of Appeals, Second Circuit. December 11, 1918.)

No. 76.

1. SHIPPING ⬥⟹54—INJURY TO VESSEL—NEGLIGENCE OF CHARTERER.

Charterer of a barge *held* liable for her injury, resulting from her being left at the exposed end of a pier at a time when storm signals were shown, and the placing by charterer of another barge beside her, so that when the wind rose they pounded together, and where, although notified, it did not send assistance for two hours.

2. TOWAGE ⬥⟹11(9)—INJURY TO TOW—DISREGARD OF STORM SIGNALS.

It is the duty of tug masters, engaged in moving boats around New York Harbor, to observe and give weight to the Weather Bureau's warning signals.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Martha Nicholson and others, owners of the barge Nicholson, against the Erie Railroad Company. Decree for libelants, and respondent appeals. Affirmed.

Libelants own the barge Nicholson, which they chartered to respondent. While in the possession of the charterer the barge was left by one of the railroad company's tugs at the end of Pier 39, Brooklyn, outside of two other barges. This occurred shortly after midnight of February 26–27, at which time the weather was calm. By noon of February 28 the wind had arisen, and before that time lighter 262–F, belonging to the Erie Company, was moored at the same pier end, and to and alongside of the Nicholson, by a tug not belonging to the railroad company.

When the wind arose the 262–F and the Nicholson began to pound, and the situation became dangerous for both. Before 2 p. m. of the 27th the master of the Nicholson by telephone applied for assistance to the Erie office from which he was accustomed to receive orders. No help arrived until about 4 p. m., before which time the Nicholson had received considerable injury by pounding against No. 262–F.

Pier 39, Brooklyn, is much exposed to northwesterly winds, and on February 26th the United States Weather Bureau had displayed in all the usual places around the harbor warning against a northwest storm. This action was brought to recover for the injuries received as above stated, and two tug masters in the service of respondent railroad company were examined concerning the movements of the barges above named. Neither of them seem to have observed the storm warning, and one of them (the master whose tug had left the Nicholson at Pier 39) deposed that he did not take "storm warnings into consideration when [putting] boats at piers in the harbor, unless it [was] blowing at the time"; and when asked, "Don't you rely on those storm warnings?" answered, "Not always." The District Court granted a decree for libelant; respondent brings this appeal.

Herbert Green, of New York City, for appellant.

Macklin, Brown & Purdy, of New York City (William F. Purdy, of New York City, of counsel), for appellees.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. While entertaining no doubt that the charter, by virtue of which respondent was in possession of the Nicholson, amounted to a demise, we do not ground decision on the relation

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

thus established. The libel does not require consideration of this point, but charges in common form negligence in mooring and leaving the barge in "an exposed, unsafe, and dangerous position." We agree with the trial court that this charge is sustained by the joint effect of the following considerations:

[1, 2] 1. It was some evidence of negligence that the navigators of respondent paid no attention to the official warnings of the northwest storm, which was the principal cause of libelants' damages. It is not held that mere failure to observe storm warnings or to obey them is conclusive proof of negligence; but it is evidence of a failure in that ordinary care and skill which is a master mariner's duty. In substance we agree with the remarks on this subject contained in The Salutation (D. C.) 239 Fed. at page 423. The evidence herein shows that the testifying masters considered it no part of their duty either to observe or give weight to the Weather Bureau's advice. This was an error; we think such duty exists.

2. Probably the proximate cause of the Nicholson's damage was the placing outside of her of the Erie lighter 262–F. When this was done, the weather was apparently getting worse and the storm about to burst. The mooring of this lighter against the Nicholson was not done by respondent, but by another tug, apparently acting under the orders of the agent for a steamship loading near by, to whom, however, respondent had intrusted the charge of its lighter 262–F. Plainly the owner of that lighter does not escape responsibility to third parties by employing or permitting another person to handle and move said lighter. For the purposes of this case it is respondent that placed the 262–F against the Nicholson and left her there, whatever may be the rights and remedies of the Erie Company over and against the persons performing this piece of carelessness.

3. It was further evidence of negligence that at a time when the danger was imminent, if some damage had not already been done, the railroad company did not more swiftly furnish assistance to any boat in its charge. A delay of two hours in sending a tug to South Brooklyn, when a high northwest wind was known to be injuring vessels in such an exposed position as is here shown, cannot be excused by anything in the present record.

For the foregoing reasons, the decree appealed from is affirmed, with interest and costs.